**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**OWENSBORO DIVISION**
**CIVIL ACTION NO. 4:25-CV-00113-HBB**

ROBERT C.[1]                                                                                    PLAINTIFF

VS.

FRANK BISIGNANO, COMMISSIONER OF
SOCIAL SECURITY                                                                          DEFENDANT

## MEMORANDUM OPINION
## AND ORDER

### I.        BACKGROUND

Before the Court is the Complaint (DN 1) of Robert C. ("Plaintiff") seeking judicial review

of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g).  Both Plaintiff (DN 15,

16) and Defendant (DN 17) have filed a Fact and Law Summary.  Plaintiff filed a Reply (DN 18).

For the reasons that follow, the final decision of the Commissioner is **AFFIRMED**.

Pursuant to 28 U.S.C. § 636(c) and FED. R. CIV. P. 73, the parties have consented to the

undersigned United States Magistrate Judge conducting all further proceedings in this case,

including issuance of a memorandum opinion and entry of judgment, with direct review by the

Sixth Circuit Court of Appeals in the event an appeal is filed (DN 13).  By Order entered January

14, 2026 (DN 14), the parties were notified that oral arguments would not be held unless a written

request therefore was filed and granted.  No such request was filed.

### II.       FINDINGS OF FACT

On August 22, 2023, Plaintiff protectively filed an application for Disability Insurance

---

1 Pursuant to General Order 22-05, Plaintiff's name in this matter was shortened to first name and last initial.

Benefits (Tr. 67-70) and on August 23, 2023, Plaintiff protectively filed for Supplemental Security Income (Tr. 72-75).  Plaintiff alleged that he became disabled on July 21, 2023, as a result of hand tremor, breathing problems, and chronic obstructive pulmonary disease (Tr. 67, 72).  The applications were denied initially on October 10, 2023, and upon reconsideration on December 7, 2023 (Tr. 96-99, 101-02, 107-09, 111-13).  On December 21, 2023, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ") (Tr. 114-16).

On June 18, 2024, ALJ Dennis Hansen conducted a telephonic hearing (Tr. 17).  Plaintiff and his attorney, Matthew Lorde, and his non-attorney representative, Andrew Scott Youngman, participated in the hearing (*Id.*).  James B. Adams, an impartial vocational expert, testified at the hearing (*Id.*).  In a decision dated September 23, 2024, ALJ Hansen evaluated this adult disability claim pursuant to the five-step sequential evaluation process promulgated by the Commission (Tr. 17-28).  The ALJ noted that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2028 (Tr. 20).  At the first step, ALJ Hansen determined that Plaintiff has not engaged in substantial gainful activity since July 21, 2023 (*Id.*).  At the second step, ALJ Hansen determined that Plaintiff has the following severe impairments:  degenerative changes of the lumbar spine and chronic obstructive pulmonary disease (COPD) (*Id.*).  At the third step, ALJ Hansen concluded that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in Appendix 1 (Tr. 21).

At step four, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform medium work as defined in 20 C.F.R. §§ 404.1567(c) and 416.967(c) except he can frequently climb ramps and stairs; he can frequently stoop, kneel, crouch, and crawl; he can frequently be exposed to extreme heat and pulmonary irritants; he can frequently handle; and he

can occasionally climb ladders, ropes, and scaffolds (Tr. 21-26).  The ALJ found that Plaintiff cannot perform any past relevant work (Tr. 26-27).

At step five, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, he can perform jobs that exist in significant number in the national economy (Tr. 27-28).  Therefore, ALJ Hansen concluded that Plaintiff has not been under a disability from July 21, 2023, through the date of the decision (Tr. 28).  Plaintiff timely filed a request for the Appeals Council to review the ALJ's decision (Tr. 143-44).  The Appeals Council denied Plaintiff's request for review (Tr. 1-4).

### III.    CONCLUSIONS OF LAW

### A.    Standard of Review

Review by the Court is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence," 42 U.S.C. § 405(g); *Cotton v. Sullivan*, 2 F.3d 692, 695 (6th Cir. 1993); *Wyatt v. Sec'y of Health & Hum. Servs.*, 974 F.2d 680, 683 (6th Cir. 1992), and whether the correct legal standards were applied.  *Landsaw v. Sec'y of Health & Hum. Servs.*, 803 F.2d 211, 213 (6th Cir. 1986).  "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way."  *Cotton*, 2 F.3d at 695 (quoting *Casey v. Sec'y of Health & Hum. Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993)).  In reviewing a case for substantial evidence, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility."  *Cohen v. Sec'y of Health & Hum. Servs.*, 964 F.2d 524, 528 (6th Cir. 1992) (quoting *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984)).

When the Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr.

1-4), the ALJ's decision became the final decision of the Commissioner.  20 C.F.R. §§ 404.955(b), 404.981, 422.210(a); *see* 42 U.S.C. § 405(h) (finality of the Commissioner's decision).  Thus, the Court reviews the ALJ's decision and the evidence that was in the administrative record when the ALJ rendered the decision.  42 U.S.C. § 405(g); 20 C.F.R. § 404.981; *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996).

### B.    The Commissioner's Sequential Evaluation Process

The Social Security Act authorizes payment of Disability Insurance Benefits and Supplemental Security Income to persons with disabilities.  42 U.S.C. §§ 401 et seq. (Title II Disability Insurance Benefits), 1381 et seq. (Title XVI Supplemental Security Income).  The term "disability" is defined as an

> [I]nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]

42 U.S.C. § 423(d)(1)(A) (Title II); 42 U.S.C. § 1382c(a)(3)(A) (Title XVI); 20 C.F.R. §§ 404.1505(a), 416.905(a); *Barnhart v. Walton*, 535 U.S. 212, 214 (2002).

The Commissioner has promulgated regulations setting forth a five-step sequential evaluation process for evaluating a disability claim.  *See* "Evaluation of disability in general," 20 C.F.R. § 404.1520.  In summary, the evaluation proceeds as follows:

1)    Is the claimant engaged in substantial gainful activity?

2)    Does the claimant have a medically determinable impairment or combination of impairments that satisfies the duration requirement and significantly limits his or her ability to do basic work activities?

3)    Does the claimant have an impairment that meets or medically equals the criteria of a listed impairment within Appendix 1?

4

4)       Does the claimant have the RFC to return to his or her past relevant work?

5)       Does the claimant's RFC, age, education, and past work experience allow him or her to perform a significant number of jobs in the national economy?

20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v).

### C.      RFC:  ALJ's Determination of Medical Opinion Evidence

#### 1.  Arguments of the Parties

Plaintiff avers that the ALJ erred in determining the RFC because ALJ Hansen found the only medical opinion in the record to be unpersuasive; thus, ALJ Hansen's RFC finding rests on his own "medical inference that the record does not supply" constituting improper lay interpretation of medical evidence (DN 15 PageID # 363-67).  In the absence of a medical opinion, Plaintiff asserts that an ALJ cannot fill the gap by interpreting the medical data himself (*Id.* at PageID # 364).  Plaintiff relies on *Deskin v. Comm'r of Soc. Sec.*, 605 F. Supp. 2d 908, 911 (N.D. Ohio Mar. 31, 2008) in support (*Id.* at PageID # 364, 366-67).  Plaintiff's view of the medical evidence does not support the ALJ's RFC determination (*Id.* at PageID # 365-66).  Plaintiff contends that this error means that the ALJ's RFC determination is not supported by substantial evidence, warranting remand (*Id.* at PageID # 367).

In response, Defendant avers that the ALJ is not required to base the RFC finding on a medical opinion, as established in the Sixth Circuit (DN 17 PageID # 372-73) (citing *Tucker v. Comm'r of Soc. Sec.*, 775 F. App'x 220, 226 (6th Cir. 2019); *Mokbel-Aljahmi v. Comm'r of Soc. Sec.*, 732 F. App'x 395, 401 (6th Cir. 2018); *Rudd v. Comm'r of Soc. Sec.*, 531 F. App'x 719, 728 (6th Cir. 2013)).  Defendant casts doubt on *Deskin* by citing two subsequent cases that undermine its holding (*Id.* at PageID # 374) (citing *Skibski v. Comm'r of Soc. Sec.*, No. 3:23-cv-01554, 2024 WL 3387290, at *13 (N.D. Ohio July 9, 2024) *adopted* 2024 WL 3896771 (N.D.

Ohio Aug. 22, 2024; *Winans v. Comm'r of Soc. Sec.*, No. 5:22-cv-01793, 2023 WL 7622634, at *4 (N.D. Ohio Nov. 15, 2023)). Defendant contends that Plaintiff's argument that the ALJ's RFC finding rests on improper medical inferences fails because the ALJ clearly explained his reasoning and supported his determination with substantial evidence (*Id.* at PageID # 374-78). Lastly, Defendant asserts that there is no evidentiary gap because Plaintiff bears the burden of developing the record and the ALJ is not mandated to obtain a medical opinion if none is submitted (*Id.* at PageID # 378).

In reply, Plaintiff distinguishes his argument as not asserting that the ALJ need a medical opinion to formulate RFC, but when "the only medical opinion in the record that translates the medical evidence into functional terms supports a light RFC, the ALJ's materially less restrictive finding that Plaintiff could, nevertheless, perform medium work still must be supported by substantial evidence." (DN 18 PageID # 380). Plaintiff avers that Defendant's argument is inherently conflicting: that the medical evidence itself supports the ALJ's RFC finding but is too remote to support greater limitations (*Id.* at PageID # 380-81). Furthermore, Plaintiff asserts that the ALJ erred by failing to "explain what affirmative evidence" he relied on in formulating RFC (*Id.* at PageID # 381). Plaintiff specifically attacks the ALJ's analysis finding Plaintiff's symptoms to be inconsistent and that a gap exists between Plaintiff's diagnosis and substantial evidence for the ALJ's RFC determination (*Id.* at PageID # 381-84).

### 2. *Applicable Law*

The residual functional capacity ("RFC") determination is the ALJ's ultimate determination of what a claimant can still do despite his physical and mental limitations. 20 C.F.R. §§ 404.1545(a), 404.1546(c), 416.945(a), 416.946(c). ALJs make this finding based on a

consideration of medical source statements, prior administrative medical findings, and all other evidence in the case record. 20 C.F.R. §§ 404.1529, 404.1545(a)(3), 404.1546(c), 416.929, 416.945(a)(3), 416.946(c). In making the RFC determination, ALJs must necessarily evaluate the persuasiveness of the medical source statements and prior administrative medical findings in the record as well as assess the claimant's subjective allegations. 20 C.F.R. §§ 404.1520c, 404.1529(a), 416.1520c, 416.1529(a).

### 3. Discussion

ALJ Hansen determined that Plaintiff has the RFC to perform medium work with some limitations (Tr. 21). The ALJ formulated the RFC after considering the medical evidence of record, the opinion of consultative examiner Dr. Weegens, Plaintiff's symptoms, and the prior hearing decision from a disability determination in 2015 (Tr. 21-26). The medical evidence of record consists of four visits to the emergency room between August and September of 2022 (*See* Tr. 22-23). ALJ Hansen found Dr. Weegens' opinion to be not persuasive (Tr. 25-26). Thus, no physician opined that Plaintiff is capable of performing medium work.

Plaintiff clarified his argument as not attacking that a medical opinion is needed to support the RFC finding under *Deskin*, but that ALJ Hansen improperly interpreted medical data without benefit of medical opinion (DN 18 PageID # 380). While Plaintiff notes that the cases Defendant relies on to rebut *Deskin* are unpublished, *Tucker*, 775 F. App'x 220; *Mokbel-Aljahmi*, 732 F. App'x 395; *Rudd*, 531 F. App'x 719, Plaintiff concedes that he "does not dispute that general principle" that an ALJ is not required to base RFC on a medical opinion (DN 18 PageID # 380).

Plaintiff contends that "[w]hen the only medical opinion in the record that translates the medical evidence into functional terms supports a light RFC, the ALJ's materially less restrictive

finding that Plaintiff, could, nevertheless, perform medium work still must be supported by substantial evidence." (*Id.*). The ALJ "is charged with the responsibility of determining the RFC based on her evaluation of the medical and non-medical evidence." *Rudd*, 531 F. App'x at 728. To "require the ALJ to base her RFC finding on a physician's opinion, would, in effect, confer upon the treating source the authority to make the determination or decision about whether an individual is under a disability, and thus would be an abdication of the Commissioner's statutory responsibility to determine whether an individual is disabled." *Id.* (citation modified). The question remaining before the Court is whether ALJ Hansen's RFC determination is supported by substantial evidence without improperly interpreting medical evidence.

First, Plaintiff avers that the ALJ's finding that Plaintiff's symptoms are not consistent with the evidence is not itself substantial evidence (DN 18 PageID # 381). Plaintiff believes that finding Plaintiff's symptoms to be unsupported and inconsistent does not constitute "affirmative evidence" on which an ALJ can formulate RFC (*Id.*). Plaintiff does not attack the ALJ's analysis, but that it cannot serve as substantial evidence (*Id.* at PageID # 381-82). Plaintiff's argument misunderstands the nature of the ALJ's inquiry: Plaintiff must present affirmative evidence that he is disabled, as Plaintiff is essentially rebutting the presumption that he is not disabled. *See Person v. Comm'r of Soc. Sec.*, Civil Action No. 17-cv-13899, 2018 U.S. Dist. LEXIS 218800, at *9-10 (E.D. Mich. Nov. 6, 2018) ("To the extent that Plaintiff's motion implies that the ALJ must supply affirmative evidence to support the absence of limitations . . ., that argument misapprehends the Social Security framework. The burden of proof lies with the claimant at steps one through four of the process."). Furthermore, ALJ Hansen relied on more than just his analysis of Plaintiff's symptoms in supporting the RFC determination.

> Lastly, any suggestion by [Plaintiff] that there need be an affirmative piece of record evidence on which the ALJ relies showing that he can stand for four hours lacks merit. The ALJ engaged in an even and comprehensive review of [Plaintiff]'s knee conditions, his surgeries, pain, setbacks, and improvements. She also considered [Plaintiff]'s daily activities, and weighed his credibility and the evidence, as is her obligation, and fashioned an RFC accordingly. As [Plaintiff] does not point to any evidence contradicting the RFC, nor does he point to any evidence the ALJ ignored or mischaracterized, substantial evidence supports her decision, and it should not be disturbed.

*Donnelly v. Comm'r of Soc. Sec.*, Civil Action No. 18-10746, 2019 U.S. Dist. LEXIS 41628, at *21 (E.D. Mich. Jan. 29, 2019). Just as in *Donnelly*, the ALJ properly considered the Plaintiff's testimony, weighed his credibility, and reviewed the objective medical evidence in the record in determining him capable of medium work, so no error as to a lack of "affirmative evidence" exists.

Second, Plaintiff contends that the Commissioner cannot argue that "the evidence in this case was too remote to support greater limitations" and that the same evidence supports the ALJ's RFC finding (DN 18 PageID # 380-81). The undersigned finds no incongruence. It is true that the emergency room records were from August to September 2022, while Plaintiff claimed disability beginning July 2023 (Tr. 22-23). ALJ Hansen noted this in his decision, explaining that "it is not clear whether this degenerative disc disease was the cause of his pain in 2022 and it is not clear whether it is the cause of the pain about which he testified." (Tr. 25). The lack of evidence of disabling symptoms does not undermine the ALJ's RFC determination, as the "ALJ has no duty to explain why the Plaintiff can perform the functions not precluded by the RFC." *Person*, 2018 U.S. Dist. LEXIS 218800, at *10; *see Peterson v. Comm'r of Soc. Sec.*, No. 1:16-cv-363, 2017 U.S. Dist. LEXIS 9257, at *9 (W.D. Mich. Jan. 24, 2017) ("Rather, it is Plaintiff's obligation to provide evidence to support his claim of disability.).

Rather, ALJ Hansen supported his RFC determination with substantial evidence in crediting Plaintiff's testimony that he experiences limiting pain but noting the significant

9

credibility issues when he testified to being able to lift no more than twenty-five pounds and working at a beef farm regularly lifting over fifty pounds (Tr. 25). ALJ Hansen noted that the CT imaging from 2022 showed lumbar degenerative disc disease and so limited his finding of medium work (*Id.*). Plaintiff's argument rests on re-weighing the evidence, specifically the emergency room visits, which as the Commissioner correctly states, is not the task before this court (DN 17 PageID # 375). *Mullins v. Sec'y of Health & Human Servs.*, 680 F.2d 472, 472 (6th Cir. 1982).

Third, Plaintiff contends that ALJ Hansen improperly filled the gap in medical opinion evidence by interpreting raw medical data himself (DN 15 PageID # 364-67). Plaintiff asserts that the ALJ needed a medical opinion to interpret the medical evidence in the record: visits to the emergency room between August and September 2022, CT imaging, and treatment regimen (*Id.* at PageID # 365-66).

An ALJ, without the benefit of a medical opinion to support his determination, may not interpret raw medical data in functioning terms and determine whether a treating specialist's opinions are inconsistent with the results of a particular test. *See Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999) ("As a lay person, however, the ALJ was simply not qualified to interpret raw medical data in functioning terms and no medical opinion supported the determination."); *see also Clifford v. Apfel*, 227 F.3d 863, 870 (7th Cir. 2000) ("[A]n ALJ must not substitute his own judgment for a physician's opinion without relying on other medical evidence or authority in the record."); *Rohan v. Chater*, 98 F.3d 966, 968 (7th Cir. 1996) ("And, as this Court has counseled on many occasions, ALJs must not succumb to the temptation to play doctor and make their own independent medical findings."); *Lennon v. Apfel*, 191 F.Supp.2d 968, 977-78 (W.D. Tenn. 2001) (ALJ gave into the temptation to play doctor when made functional findings based on his own

interpretation of the treating physician's findings).

Turning first to the emergency room visits, ALJ Hansen accurately recounted the treatment records from four visits between August to September 2022 (Tr. 22-23). Specifically, Plaintiff asserts that a medical opinion is necessary to interpret the CT findings, "repeated radicular presentations," course of treatment, and "positive straight-leg raise" into "work-related functional limits." (DN 15 PageID # 366). ALJ Hansen's RFC determination rested primarily on Plaintiff's conflicting testimony and daily activities:

> The claimant has received no medical treatment during the period relevant to this decision. In his application, the claimant alleged disability due to hand tremors and COPD but at the hearing he alleged disability due to low back pain. However, the emergency room evaluation the claimant received on September 22, 2022 included a CT of the claimant's lumbar spine that revealed mild disc bulging from L3-L4 through L5-S1 with the bulge at L4-L5 asymmetric to the left of the neuroforaminal narrowing (Exhibit B3F/4). The claimant has lumbar degenerative disc disease. Unfortunately, it is not clear whether this degenerative disc disease was the cause of his pain in 2022 and it is not clear whether it is the cause of the pain about which he testified. Interestingly, the claimant testified that he could stand for no longer than 30 minutes and lift no more than 25 pounds. Significantly, just minutes prior to this testimony of severely limiting back pain, the claimant testified that he had recently worked as a concrete finisher and that he was currently working for a beef farmer, where lifting 50 to 100 pound feed bags was part of his regular duties. Nevertheless, diagnostic images show the claimant clearly has degenerative changes of the lumbar spine that will significantly limit his ability to perform some basic work activities. In consideration of the claimant's lumbar degenerative disc disease, the undersigned finds the claimant is limited to medium exertional work activity involving frequent climbing of ramps and stairs; occasional climbing of ladders, ropes, and scaffolds; frequent stooping, kneeling, crouching, crawling, and handling.

(Tr. 24-25). Plaintiff does not raise issue with ALJ Hansen's reliance on his conflicting testimony or that his testimony was inaccurate. Nor can Plaintiff ascribe the lack of evidence as to the cause of his pain in 2022 or at the time of the hearing to be error. *See Donnelly*, 2019 U.S. Dist. LEXIS 41628, at *21 (ALJ properly considered Plaintiff's daily activities and weighed credibility in formulating RFC); *Landsaw v. Sec'y of Health & Hum. Servs.*, 803 F.2d 211, 214 (6th Cir. 1986)

(Plaintiff bears burden of providing sufficient medical evidence); 20 C.F.R. §§ 404.1512(c), 404.1513(d) 416.912(c), 416.913(d).  As to the CT images, because they were interpreted by a doctor, they are not raw medical data.  *Winans v. Comm'r of Soc. Sec.*, No. 5:22-CV-01793, 2023 WL 7622634, at *5 (N.D. Ohio Nov. 15, 2023) (x-ray evidence with doctor's interpretations is not raw medical data); *Rudd v. Comm'r of Soc. Sec.*, 531 F. App'x 719, 726-27 (6th Cir. 2013) (same). Furthermore, ALJ Hansen only relied on the physician's impressions, not on raw CT images (Tr. 24-25) (citing Tr. 302).

As to the clinical findings Plaintiff complains of—repeated radicular presentations and positive straight-leg raise—an ALJ may properly interpret medical evidence related to physical impairments.  *Rudd*, 531 F. App'x at 726.  "In fact, the regulations require the ALJ to evaluate the medical evidence to determine whether a claimant is disabled."  *Id.*  Reports from medical professionals, such as the emergency room records from Plaintiff's ER visits, are not raw medical data.  *Lonnie F. v. Comm'r of Soc. Sec.*, No. 2:23-CV-890, 2024 WL 3506946, at *3 (S.D. Ohio July 23, 2024) ("Treatment notes or reports from medical professionals following various testing, on the other hand, are not considered raw medical data beyond the ALJ's expertise.") (collecting cases).  Because the only raw medical data, CT imaging, was interpreted by a physician, the ALJ did not impermissibly interpret lay data in formulating the RFC.

Plaintiff relies on *Falkosky v. Comm'r of Soc. Sec.*, No. 1:19-cv-2632, 2020 U.S. Dist. LEXIS 165462, at *22 (N.D. Ohio Sep. 10, 2020) where the court reversed and remanded the ALJ's decision because the ALJ relied on the conservative nature of treatment and claimant's symptoms (DN 15 PageID # 367).  *Falkosky* does not control because it found error where no medical opinion had been obtained, whereas here ALJ Hansen obtained the medical opinion of Dr.

12

Weegens.  2020 U.S. Dist. LEXIS 165462, at *21-22.  *Falkosky* distinguished cases where the ALJ

had obtained but rejected medical opinions, noting that even a rejected medical opinion can serve

as a guide to base the RFC finding.  *Id.* at *19-20 (citation omitted).  Here, ALJ Hansen had the

medical opinion of Dr. Weegens as a guide to base his RFC finding, thus *Folkosky* does not control.

### D.   Conclusion

In sum, the decision of the Commissioner shall be affirmed.  The ALJ's RFC determination

is supported by substantial evidence and comports with applicable law.  No error exists to support

remand.

### IV.   ORDER

**IT IS HEREBY ORDERED** that the final decision of the Commissioner is **AFFIRMED**.


**H. Brent Brennenstuhl**
**United States Magistrate Judge**

May 26, 2026


Copies:  Counsel